IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PECHANGA BAND OF LUISEÑO MISSION INDIANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, )<br>SECRETARY OF THE INTERIOR, et al. )<br>)<br>Defendants. )<br>_____ ) | Case No. 06cv02206-JR |

## PLAINTIFF'S STATUS REPORT

The Court has on its docket 37 suits filed by Indian tribes, including this one, which raise accounting and/or mismanagement claims regarding assets and funds held in trust by the United States ("Tribal Trust Cases"). Pursuant to Fed.R.Civ.P. 42(a), the Court consolidated these cases for the limited purpose of resolving a remand motion filed by the Government. On December 19, 2007, the Court denied the Government's remand motion and directed each plaintiff tribe, group of tribes, or putative class of tribes to submit a status report "setting forth proposals for further proceedings and a proposed schedule."

In this case, plaintiff Pechanga Band of Luiseno Mission Indians ("Pechanga") seeks declaratory and injunctive relief requiring the United States to provide it with an accounting. Unlike other Tribal plaintiffs before this Court, Pechanga has not yet filed a damages action for breach of trust in the Court of Federal Claims ("CFC").

1

A.  **Pechanga's Amended Complaint and New Claim**

Contemporaneously with the filing of this status report, Pechanga has filed an amended complaint that adds two claims and an additional defendant, Ross Swimmer, the Special Trustee for American Indians. Because the Government has not yet filed a responsive pleading, Pechanga may amend its pleading as a matter of course. Fed.R.Civ.P. 15(a)(1)(A).

The two new claims focus on the Government's investment practices with respect to Pechanga's funds held in trust by the Government. Pechanga's principal trust asset under management by the Government appears to be funds received in 1993 from the settlement of a claim before the Indian Claims Commission. After payment of attorneys fees and litigation costs, those funds amounted to approximately $350,000. In the 15 years since then, that amount has grown only modestly under Government management, to a current total of approximately $680,000, *i.e.* an investment return of about $330,000. An expert engaged by Pechanga has estimated the lost investment return at between approximately $1.2 million and $3.7 million because of the Government's failure to utilize "total return" portfolio management principles that seek to obtain capital gain as well as income.

The Government has a fiduciary duty, under both case law and statute, to maximize the return on the investment of Indian trust fund monies. *See Cheyenne-Arapaho Tribes v. United States*, 512 F.2d 1390, 1394 (Ct. Cl. 1975); 25 U.S.C. § 4043(b)(2)(B). The "return" that a trustee must pursue is "total return," including capital appreciation and gain as well as trust accounting income. Restatement (Third) of Trusts § 227, cmt. e (1992). Accordingly, the Government's failure to utilize "total return" portfolio management principles that seek to obtain capital gain as well as income constitutes an ongoing breach of trust.

Pechanga does not seek to recover any damages or monetary relief in this Court for its past losses. That is an issue for another day in the CFC. But Pechanga is very concerned about the Government's ongoing breach of trust which continues to shortchange it. The Government continues to invest trust funds as if seeking capital appreciation is a matter committed to its discretion. The new claims seek declaratory and injunctive relief to require that the Government henceforth (1) employ an active, total return approach in managing and investing Pechanga's trust fund monies, (2) provide Pechanga with accurate and timely reports on a regular basis regarding all collections, disbursements, investments, and return on investments related to Pechanga's trust accounts, and (3) establish appropriate policies, procedures, and necessary systems to accomplish these responsibilities.

These new claims are distinct from Pechanga's original claims seeking an accounting. So far as Pechanga knows, it is the first tribe to raise these specific claims. Pechanga believes that it makes sense to separate these investment practices claims from the original accounting claims and to handle them, in essence, as a distinct case. Pechanga believes that these claims, which present issues far more discrete than those involved in the various accounting claims before the Court, can and should be resolved expeditiously.

### B.    Pechanga's Original Accounting Claims

In contrast, Pechanga's original accounting claims might be consolidated with some or all of the other Tribal Trust Cases, at least for some purposes. Pechanga is not in a position to offer specific proposals about such consolidation at this time.

Pechanga would like to know the Government's position regarding discovery on these accounting claims in the Tribal Trust Cases and whether the Government intends to file an Administrative Record(s) with respect to these cases. Pechanga presently doubts that discovery will

be necessary in this case to resolve threshold issues of duty and breach. It may be appropriate to resolve those threshold issues through motions for partial summary judgment. Pechanga further anticipates that consolidation of some or all of the Tribal Trust Cases may be appropriate in adjudicating such issues.

Pechanga intends to monitor developments in the other Tribal Trust Cases. For the time being, and pending the development of positions by other tribal plaintiffs on the foregoing issues, Pechanga proposes that further proceedings on the accounting issues in this case be stayed until further order of the Court once the Defendants file an answer to Pechanga's amended complaint.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Steven D. Gordon
Steven D. Gordon
District of Columbia Bar No. 219287
Lynn E. Calkins
District of Columbia Bar No. 445854
Stephen J. McHugh
District of Columbia Bar No. 485148
Holland & Knight L.L.P.
2099 Pennsylvania Ave. NW, Suite 100
Washington, D.C. 20006
202-955-3000 (phone)
202-955-5564 (fax)

*Counsel for Plaintiff Pechanga Band of Luiseno Mission Indians*

## CERTIFICATE OF SERVICE

I hereby certify that on, February 11, 2008, I electronically transmitted the foregoing PLAINTIFF'S STATUS REPORT to the Clerk of the Court, using the ECF systems for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed on the ECF system for this case.

/s/ Steven D. Gordon
Steven D. Gordon

# 5110371_v2