IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PECHANGA BAND OF | ) | |
| LUISEÑO MISSION INDIANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-02206-JR |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' UNOPPOSED MOTION AND MEMORANDUM FOR LEAVE
TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rule 7 of the Local Civil Rules ("LCvR"), Defendants hereby respectfully make this unopposed motion for leave to file an Amended Answer to the First Amended Complaint. The unopposed motion is Defendants' first such motion. The Amended Answer is appended hereto as Exhibit 1.

The grounds for the motion are as follows:

On February 12, 2008, Plaintiff filed an amended complaint in which it re-asserted allegations from its original complaint regarding Defendants' accounting obligations and it raised new claims regarding Defendants' obligations as to the investment of Plaintiff's trust funds. <u>See</u> First Amended Complaint, Docket ("Dkt.") No. 25. With Plaintiff's consent, Defendants requested and received from the Court an extension to file their Answer or otherwise respond to the First Amended Complaint. Dkt. No. 26; Minute Order dated February 28, 2008. Defendants filed their Answer to the First Amended Complaint on March 14, 2008. Dkt. No. 28.

After the filing, counsel for Defendants noticed that the Answer contained an inadvertent drafting error, specifically, in Paragraph 42 (<u>id.</u>), which set forth Defendants' response to Plaintiff's

allegations in Paragraph 42 of the First Amended Complaint (Dkt. 25).  Defendants now respectfully seek the Court's leave to correct their drafting error and amend their response to Plaintiff's allegations.

In Paragraph 42 of the First Amended Complaint, Plaintiff alleged, inter alia, that Defendants did not respond to certain recommendations made by the Price Waterhouse accounting firm about the Indian trust fund management practices, including investment practices, of the Bureau of Indian Affairs ("BIA").  Dkt. No. 25, ¶ 42.  Plaintiff continued these allegations in Paragraph 43 of the document, by asserting that the BIA did not implement certain investment information and management changes recommended by Price Waterhouse.  Id., ¶ 43.

In their Answer, Defendants inadvertently provided inconsistent responses to essentially the same allegations in Paragraphs 42 and 43.  Defendants' Answer to First Amended Complaint, Dkt. No. 28, ¶¶ 42, 43.  Because of their drafting error, Defendants stated, in response to the relevant allegations in Paragraph 42 of the First Amended Complaint, "Defendants admit . . . Price Waterhouse made various recommendations to Interior in the course of performing its work under that contract, and that Interior has taken no steps in response to the various recommendations made by Price Waterhouse," id., ¶ 42, while stating, in response to essentially the same allegations in Paragraph 43, "Defendants deny that Interior has taken no steps in response to the various recommendations made by Price Waterhouse."  Id.

Defendants' responses in their Answer to the functionally identical allegations in Paragraphs 42 and 43 of the First Amended Complaint should have been identical, i.e., the response to the allegations in Paragraph 42 of the document should have reflected the one set forth for Paragraph 43 and "[denied] that Interior [had] taken no steps in response to the various recommendations made

- 2 -

by Price Waterhouse." The inadvertent drafting error resulted in inconsistent and confusing responses by Defendants to the same allegations. Therefore, Defendants should be given leave to file an Amended Answer that rectifies the inconsistency, confusion, and inaccuracy.

As the Court is aware, Rule 15 strongly favors amendments to pleadings and provides that "leave to amend a pleading 'shall be freely given when justice so requires." Material Supply Intern, Inc. V. Sunmatch Indus. Co., Ltd.. 146 F.3d 983, 991 (D. C. Cir. 1998) ( quoting Foman v. Davis, 371 U.S. 178, 182 (1962). Amendments to pleadings should be allowed, absent circumstances such as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182.

No such circumstances exist in this case that would or should disallow Defendants from amending their Answer. Here, the Amended Answer ensures the accuracy of Defendants' responses to Plaintiff's allegations and corrects an inadvertent drafting error. Such actions and results are in the public interest. In addition, Defendants have not unduly delayed their proposed amendment to their Answer. Further, this case has not progressed to a point at which Plaintiff would or could be prejudiced by the proposed amendment. As ordered by the Court (see May 22, 2008 Minute Order), Defendants are preparing to file an administrative record and a dispositive motion on August 15, 2008. Under the arrangements currently in place in the case and under the local court rules, Plaintiff should have adequate time to review the administrative record and other relevant documents and prepare an appropriate response to Defendants' motion. Accordingly, Defendants' proposed amendment of their Answer does not cause any undue harm or prejudice to Plaintiff's rights and interests in the case.

Undersigned counsel for Defendants has conferred with Plaintiff's counsel, Steven D. Gordon, about this motion for leave, and Mr. Gordon has stated that Plaintiff does not oppose the motion.

Based on the foregoing, Defendants respectfully request that the Court grant their unopposed motion and allow them leave to file an Amended Answer to the First Amended Complaint. Defendants' proposed amended answer is attached hereto for the Court's consideration as Exhibit 1, along with a proposed Order, as required by LCvR 15.1.

Respectfully submitted this 13th day of August, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Barry A. Weiner*
BARRY WEINER
NY Bar #2739894, NJ Bar #01948-1994
barry.weiner@usdoj.gov
KRISTOFOR R. SWANSON
CO Bar #39378
kristofor.swanson@usdoj.gov
ANTHONY P. HOANG
FL Bar #798193
anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0248
Tel: (202) 305-0469
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELISABETH C. BRANDON

JOSHUA EDELSTEIN
United States Department of the Interior
Office of the Solicitor
Washington, D.C.  20240

TERESA E. DAWSON
THOMAS KEARNS
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C.  20217

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2008, a copy of the Defendants' Unopposed Motion for Leave to File an Amended Answer to Plaintiff's First Amended Complaint, a proposed Order, and the proposed Amended Answer were filed with the United States District Court for the District of Columbia's electronic filing system, to which the following attorney is registered to be noticed:

Steven D. Gordon
sgordon@hklaw.com


_/s/ Barry A. Weiner_
Barry A. Weiner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
PECHANGA BAND OF                    )
LUISEÑO MISSION INDIANS,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )     Case No. 06-cv-02206-JR
                                    )
DIRK KEMPTHORNE,                    )
Secretary of the Interior, et al.,  )
                                    )
        Defendants.                 )
_____)

**ORDER**

Upon consideration of the Federal Defendants' Unopposed Motion for Leave to File an

Amended Answer to Plaintiff's First Amended Complaint and the reasons provided therein,

It is hereby ORDERED that the Federal Defendants' motion is GRANTED and the

amended answer shall be considered filed as of the date of this Order;

ENTERED this ____ day of _____, 2008

_____
JAMES ROBERTSON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| PECHANGA BAND OF ) | |
| LUISEÑO MISSION INDIANS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 06-cv-02206-JR |
| ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, <u>et</u> <u>al.</u>, ) | |
| ) | |
|     Defendants. ) | |

---

## <u>AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Defendants Dirk Kempthorne, Secretary of the Interior, Ross Swimmer, Special Trustee for American Indians (collectively, "Interior"), and Henry M. Paulson, Jr., Secretary of the Treasury ("Treasury") hereby submit the following Amended Answer to the First Amended Complaint.

The numbered paragraphs in this Amended Answer correspond to the numbered paragraphs of the First Amended Complaint.

Defendants deny any allegations of the First Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1.    Paragraph 1 contains Plaintiff's characterizations of its case, to which no response is required.

## <u>PARTIES</u>

2.    As to the allegations in Paragraph 2, Defendants admit that Plaintiff is a federally recognized Tribe. The remaining allegations in Paragraph 2 consist of Plaintiff's characterizations and conclusions of law, to which no response is required.

3.      As to the allegations in Paragraph 3, Defendants admit that Dirk Kempthorne is the Secretary of the Interior.  The remaining allegations are conclusions of law, to which no response is required.

4.      As to the allegations in Paragraph 4, Defendants admit that Henry M. Paulson, Jr., is the Secretary of the Treasury.  The remaining allegations are conclusions of law, to which no response is required.

5.      As to the allegations in Paragraph 5, Defendants admit that Ross Swimmer is the Special Trustee for American Indians.  The remaining allegations are conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

6.      Paragraph 6 contains Plaintiff's characterizations and conclusions of law, to which no response is required.

7.      Paragraph 7 contains Plaintiff's characterizations and conclusions of law, to which no response is required.

## PLAINTIFF'S ALLEGATIONS

8.      As to the allegations in Paragraph 8, Defendants admit that Plaintiff is a federally recognized Tribe, and they deny, upon current information and belief, that Plaintiff is organized pursuant to the Indian Reorganization Act of 1934.

9.      Defendants admit the allegations in Paragraph 9.

10.      As to the allegations in Paragraph 10, Defendants admit that lands and other assets are held in trust by the United States for Plaintiff's benefit and that some of the lands held in trust

are used for agricultural purposes.  Defendants aver that the allegation that the lands used for agricultural purposes are "valuable" is vague and ambiguous and, as a result, they are unable to formulate a response thereto.

11.     Paragraph 11 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited statute speaks for itself and is the best evidence of its contents.

12.     Paragraph 12 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited Acts of Congress speak for themselves and are the best evidence of their contents.

13.     As to the allegations in the first sentence of Paragraph 13, Defendants deny that the Secretary and the Department of the Interior have exclusive control and management over Plaintiff's trust property.  Defendants aver that Plaintiff has shared, and continues to share, in the control and management over Plaintiff's trust property, and that the extent of Plaintiff's and of Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contracts entered thereunder between Plaintiff and Interior (commonly known as "638 contracts" or "Section 638 contracts").  Such documents speak for themselves and are the best evidence of their contents.  Further, Defendants deny that the Secretary and the Department of the Treasury exercise control and management over Plaintiff's trust property.  As to the allegations in the second sentence, Defendants admit that Interior has approved rights-of-way and other conveyances of interests in lands held in trust by the United States for Plaintiff's benefit, and that Interior has collected funds to be held in trust by the United States for Plaintiff's benefit.

- 3 -

As to the allegations in the third sentence, Defendants admit that funds held in trust for Plaintiff's benefit include funds generated by rights-of-way and judgments paid to Plaintiff. As to the allegations in the fourth sentence, Defendants aver that the responsibilities regarding the deposit or investment of income generated by such lands are defined by the provisions of, and regulations implementing, statutes, such as the American Indian Trust Fund Management Reform Act of 1994, Publ. L. No. 103-412, § 103(a), 108 Stat. 4239, 4241 (codified at 25 U.S.C. §§ 40001-61 (1994)), which speak for themselves and are the best evidence of their contents. Defendants deny the remaining allegations.

14.    Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 14. The allegations of the third sentence are Plaintiff's characterizations and conclusions of law, to which no response is required.

15.    Paragraph 15 contains Plaintiff's characterizations and conclusions of law, to which no response is required. The cited court opinions speak for themselves and are the best evidence of their contents.

16.    Paragraph 16 contains Plaintiff's characterizations and conclusions of law, to which no response is required.

17.    Paragraph 17 contains Plaintiff's characterizations and conclusions of law, to which no response is required. Defendants deny that Treasury has any obligation to provide an accounting to Plaintiff.

18.    Paragraph 18 contains Plaintiff's characterizations and conclusions of law, to which no response is required. Defendants aver that Treasury has no responsibility for the administration

- 4 -

and management of Plaintiff's trust property.

19.     As to the allegations in the first, second, and third sentences of Paragraph 19, Defendants deny that they control "all the books and records of account relating to [Plaintiff's] trust funds and trust property and/or assets to be used for" Plaintiff's benefit.  As to the allegations in the second and third sentences, Defendants aver that the terms "reliable, accurate or complete accounting" and "regular or periodic accounting," as used by Plaintiff, are vague and ambiguous, and that, as a result, Defendants are unable to formulate a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968 (hereinafter "Bogert & Bogert").  Subject to the foregoing averment, however, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Pechanga Band of Luiseño Mission Indians" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by the Interior Department.  Also, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff.  Defendants deny the allegations in the fourth sentence.

20.     Paragraph 20 contains Plaintiff's characterizations of the document entitled Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), to which no response is required.  The cited document

speaks for itself and is the best evidence of its contents.

21.    The allegations in the first sentence of Paragraph 21 are broad, vague, and ambiguous, thus precluding Defendants from formulating a response thereto.  As to the allegations in the second sentence, Defendants aver that the phrases "reliable, accurate or complete accounting" and "regular or periodic accounting," as used by Plaintiff, are vague and ambiguous, see generally, Bogert & Bogert, Trusts and Trustees §§ 965-68 (rev. 2d ed. 1983), and that, as a result, Defendants are unable to formulate a response to the allegations.  Defendants aver Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for the for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies received by the Interior Department.  Defendants further aver that Treasury has no obligation to provide an accounting to Plaintiff.  Defendants deny the remaining allegations in the second sentence or aver that the remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited report speaks for itself and is the best evidence of its contents.

22.    Paragraph 22 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Acts of Congress speak for themselves and are the best evidence of their contents.

23.    Paragraph 23 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Acts of Congress speak for themselves and are the best evidence of their contents.

24.    Defendants admit the allegations in the first sentence of Paragraph 24.  The remaining allegations consist of Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited statutes speak for themselves and are the best evidence of their contents. Defendants aver that Treasury does not have an obligation to provide an accounting of trust funds to Tribal and individual Indian beneficiaries.

25.    Paragraph 25 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited reports and court opinions speak for themselves and are the best evidence of their contents.

26.    As to the allegations in Paragraph 26, Defendants admit that Interior entered into a contract with the Arthur Andersen accounting firm on May 24, 1991, under which Arthur Andersen was to provide a reconciliation of certain trust fund accounts.

27.    As to the allegations in the first, second, and third sentences of Paragraph 27, Defendants admit that the Agreed-Upon Procedures and Findings Report was provided to Plaintiff in 1996, along with certain additional supporting materials.  As to the allegations in the fourth and fifth sentences of Paragraph 27, Defendants admit that, in November 2006, Plaintiff requested another copy of the Agreed-Upon Procedures and Findings Report, and that Interior provided such report, along with certain additional supporting materials to Plaintiff, on or about December 6, 2006. The remaining allegations in the paragraph consist of Plaintiff's characterizations to which no

response is required. The Agreed-Upon Procedures and Findings Report speaks for itself and is the best evidence of its contents.

28.    Paragraph 28 contains Plaintiff's characterization of a quotation from the Agreed-Upon Procedures and Findings Report, to which no response is required. The cited report speaks for itself and is the best evidence of its contents.

29.    As to the allegations in the first sentence of Paragraph 29, Defendants admit that the Agreed-Upon Procedures and Findings Report was not certified by an independent party and aver that the remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required. The allegations in the second sentence consist of Plaintiff's characterizations of the General Accounting Office's report and the Agreed-Upon Procedures and Findings Reports, for other Tribes, to which no response is required. The cited statutes and reports speak for themselves and are the best evidence of their contents.

30.    Paragraph 30 contains Plaintiff's characterizations and conclusions of law to which no response is required. The cited reports speak for themselves and are the best evidence of their contents.

31.    As to the allegations in Paragraph 31, Defendants admit that Plaintiff did not respond to the Agreed-Upon Procedures and Findings Report or the stated balances of Plaintiff's accounts, as reflected in that report. The report and Plaintiff's response or lack of response thereto speak for themselves and are the best evidence of their contents.

32.    As to the allegations of Paragraph 32, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a

response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees, §§ 965-968.  Subject to the foregoing averment, however, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" in 1996, an Agreed-Upon Procedures and Findings Report; and from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants.  Further, Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims.  Also, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff.

33.    Paragraph 33 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited court opinion speaks for itself and is the best evidence of its contents.

34.    Paragraph 34 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited statute speaks for itself and is the best evidence of its contents.

35.    Paragraph 35 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.

36.    Paragraph 36 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited Restatement and statutes speak for themselves and are the best evidence of their contents.

37.    Defendants deny the allegations in the first sentence of Paragraph 37.  As to the

allegations in the second sentence, Defendants admit that Interior often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries. Defendants deny the remaining allegations. Further, Defendants aver that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

38.     Defendants deny the allegations in Paragraph 38. Further, Defendants aver that Plaintiff has shared, and continues to share, in the exercise of the control and management, including investment decisions, of its trust fund monies.

39.     The allegations in the first sentence of Paragraph 39 consist of Plaintiff's characterizations and conclusions of law, to which no response is required. Further, the term "'total return' approach" is vague and ambiguous, and, as a result, Defendants are unable to formulate a response thereto. Defendants lack information sufficient to form a belief about the allegations in the second sentence.

40.     The allegations in Paragraph 40 consist of Plaintiff's characterizations and conclusions of law, to which no response is required. Further, the phrase "realistic and meaningful 'total return' approach" is vague and ambiguous, and, as a result, Defendants are unable to formulate a response thereto.

41.     Defendants deny the allegations in the first and second sentences of Paragraph 41. As to the allegations in the third sentence of Paragraph 41, the phrase "benchmark information" is vague and ambiguous, and, as a result, Defendants are unable to formulate a response thereto.

Subject to the foregoing averment, however, Defendants aver that Interior has provided and continues to provide Plaintiff with information about its investments and returns.

42.     As to the allegations in Paragraph 42, Defendants admit that Interior contracted with the Price Waterhouse accounting firm to assist in Interior's review of Indian trust fund management and investment practices and Price Waterhouse prepared a report after its review.  The remaining allegations contained in the first, second and third sentences of this paragraph contain Plaintiff's characterization of the cited report, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain meaning of the cited report.  As to the allegations in the fourth sentence of this paragraph, Defendants deny that Interior has taken no steps in response to the various recommendations made by Price Waterhouse.

43.     The allegations in the sentences one through five of Paragraph 43 consist of Plaintiff's characterizations of the cited reports, to which no response is required.  The reports speak for themselves and are the best of their contents.  As to the allegations in the sixth sentence, Defendants deny that Interior has taken no steps in response to the various recommendations made by Price Waterhouse.

44.     As to the allegations in Paragraph 44, Defendants admit that the Trust Reform Act was enacted in 1994 and that Interior has, from time to time, considered various alternative means of managing Indian trust funds, and that Interior has entered into contracts for custodian services. Defendants deny the remaining allegations.

45.     As to the allegations in Paragraph 45, Defendants admit that Interior has, from time to time, considered various alternative means of managing Indian trust funds; that, in 1994 and 1995,

Interior discussed with Treasury a proposal (1) to move the investment portion of Indian trust funds to the Treasury and (2) to seek legislation allowing the Indian trust funds to invest in Treasury securities that could be redeemed at par-value rather than at current market prices; that the Indian trust investment portfolio did not move to Treasury; and that no legislation has ever been enacted allowing the investment of Indian trust funds in par-value securities. Defendants deny the remaining allegations.

46.     As to the allegations in the first sentence of Paragraph 46, Defendants admit that the Office of Trust Funds Management (OTFM) is an office within the Office of the Special Trustee (OST) for American Indians and that OST is responsible for directing Interior's investment of Indian trust funds.  As to the allegations in the second sentence, Defendants deny that OST's last investment policy memorandum was issued in 2000.  As to the allegations in the third sentence, the phrase "meaningful, consistent and realistic 'total return' approach" is vague and ambiguous, and, as a result, Defendants are unable to formulate a response thereto.  Subject to the foregoing averment, however, Defendants aver that Interior establishes a reasonable and prudent approach to the investment of Indian trust funds.  As to the allegations in the fourth sentence, Defendants admit that Interior often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal, and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries. Defendants deny any remaining allegations in the paragraph.  Defendants aver that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

- 12 -

47.     As to the allegations in the first sentence of Paragraph 47, the phrase "meaningful, consistent and realistic 'total return' approach" is vague and ambiguous, and, as a result, Defendants are unable to formulate a response thereto.  Subject to the foregoing averment, however, Defendants aver that Interior establishes a reasonable and prudent approach to the investment of Indian trust funds.  As to the second sentence, Defendants admit that Interior often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries.  Defendants deny any remaining allegations in the paragraph.  Defendants aver that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

## COUNT I

48.     Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 47 above.

49.     Paragraph 49 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response to the allegations is required, Defendants deny those allegations.

50.     Paragraph 50 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  To the extent that a response to the allegations is required, Defendants deny those allegations.

51.     Paragraph 51 contains Plaintiff's characterizations and conclusions of law, to which

no response is required.  Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  To the extent that a response to the allegations is required, Defendants deny those allegations.

52.    Paragraph 52 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited court opinion speaks for itself and is the best evidence of its contents.

53.    Paragraph 53 contains Plaintiff's characterizations and conclusions of law, to which no response is required.

## COUNT II

54.    Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 53 above.

55.    Paragraph 55 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response to the allegations is required, Defendants deny those allegations.  Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

56.    Paragraph 56 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

## COUNT III

57.    Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 56 above.

- 14 -

58.     Paragraph 58 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response to the allegations is required, Defendants deny those allegations.

59.     Paragraph 59 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response to the allegations is required, Defendants deny those allegations.

60.     Paragraph 60 contains Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response to the allegations is required, Defendants deny those allegations.

61.     Paragraph 61 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.   To the extent that a response to the allegations is required, Defendants deny those allegations.

62.     Paragraph 62 contains Plaintiff's characterizations and conclusions of law, to which no response is required.

## COUNT IV

63.     Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 62 above.

64.     Paragraph 64 contains of Plaintiff's characterizations and conclusions of law, to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

- 15 -

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2.      To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3.      Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, and other equitable defenses.

4.      To the extent that Plaintiff asserts claims that it, or its privies, asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred, in whole or in part, by the doctrines of *res judicata* or collateral estoppel.

5.      Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6.      Plaintiff fails to state a claim upon which relief can be granted.


Respectfully submitted this 13th day of August, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Barry A. Weiner*
BARRY WEINER
NY Bar #2739894, NJ Bar #01948-1994
barry.weiner@usdoj.gov
KRISTOFOR R. SWANSON
CO Bar #39378
kristofor.swanson@usdoj.gov
ANTHONY P. HOANG
FL Bar #798193

anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0248
Tel: (202) 305-0469
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELISABETH C. BRANDON
JOSHUA EDELSTEIN
United States Department of the Interior
Office of the Solicitor
Washington, D.C.  20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C.  20227

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2008, Federal Defendants' Amended Answer to the First Amended Complaint was filed with the United States District Court for the District of Columbia's electronic filing system, to which the following attorneys are registered to be noticed:

Steven D. Gordon
sgordon@hklaw.com

                                         */s/ Barry A. Weiner*
                                      Barry A. Weiner